Stephen M. Uthoff, State Bar No. 145206
E-mail: suthoff@uthofflaw.com
The Uthoff Law Corporation
111 W. Ocean Blvd., Suite 1960
Long Beach, California 90802
Tele: 562-437-4301
Fax: 562-437-4341

Attorneys Plaintiffs
Henrik Einfeldt and Zandy Ayvazian

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRIK EINFELDT AND ZANDY AYVAZIAN<br><br>Plaintiffs,<br><br>vs.<br><br>SCHUMACHER CARGO LOGISTICS, INC. and DOES 1-10 INCLUSIVE<br><br>Defendants. | Case No.<br><br>**COMPLAINT** |

Plaintiffs Henrik Einfeldt and Zandy Ayvazian (hereinafter collectively "Plaintiffs" or "Einfeldt"), alleges as follows:

1. JURISDICTION: Plaintiffs' complaint concerns the breach of a contract concerning the maritime transportation of cargo and is therefore within the jurisdiction of this Court pursuant to 28 U.S.C. § 1333 with claims pendent or ancillary to the same. These are admiralty and maritime claims within the meaning of Rule 9(h), Federal Rules of Civil Procedure.

2. Plaintiffs are now and at all material times individuals residing within this judicial district.

3. Plaintiffs are informed and believe that Schumacher Cargo Logistics, Inc. ("SCL") was at all times herein relevant a corporation organized under the laws of the State of California and doing business in this judicial district. SCL is a licensed non-vessel operating common carrier ("NVOCC"). On information and belief, SCL regularly engages in the business of transportation intermediary services for cargo transported in the foreign commerce of the United States, including regular shipments to, from and through this judicial district.

4. Plaintiffs are informed and believe and thereon allege that each of said defendants herein fictitiously named is responsible in some manner for the happenings and events hereinafter alleged. The true names and capacities whether individual, corporate, associate or otherwise of the defendants fictitiously named herein are unknown to Plaintiffs at this time who therefore sues said defendants by such fictitious name; Plaintiffs will seek leave of court to amend this complaint when their true names and capacities have been ascertained. SCL and Does 1-10 inclusive shall be collectively referred to as "Defendants".

5. This claim concerns the movement of household goods from Santa Clarita, California to Denmark in the fall of 2021. Einfeldt booked the door to door transportation of household goods with SCL under quotation and service contract EHQ00883867, confirmation no. LGB0091483, which was signed on September 23, 2021 (Exhibit A). Although Henrik Einfeldt is the only person listed as "shipper" on the SCL shipping documentation, Plaintiffs are included in the definition of Merchant as contemplated by SCL bill of lading terms and conditions (see Exhibit B merchant definition and clause 1).

6. The contract provided for, inter alia, packing Einfeldt's goods into boxes, stuffing the container and door to door transportation of the container from their home in Santa Clarita to Denmark.

7. The household goods were packed and loaded into an ocean going container (the "Container") by SCL on or about November 17, 2021 in Santa Clarita. Einfeldt was provided with an estimated date of departure from Long Beach of November 23, 2021 and an estimated time of arrival in Denmark of January 12, 2022.

8. When the Container did not arrive as scheduled, having had no updates from SCL, on January 3, 2022 Einfeldt inquired as to the status of the Container with SCL. On January 7, 2022 Megan Ramirez at SCL e-mailed Einfeldt advising that the estimated time of departure was now January 21, 2022 some two months after the original estimated departure date. The new estimated arrival date was February 23, 2022.

9. On January 27, 2022 Einfeldt once again requested a status of the shipment from SCL. Having received no response, on January 30, 2022 Einfeldt requested status of the shipment and instructed that if the Container had not been shipped by January 31, 2022 that the Container was not to be shipped to Denmark and instead held in California.

10. On January 31, 2022 SCL confirmed receipt of Einfeldt email requesting stoppage of the Container.

11. Instead of stopping the Container in California, SCL allowed the Container to be taken to an ocean terminal for ultimate placement on board a vessel on February 24, 2022 for transportation to Denmark.

12. SCL issued its NVOCC bill of lading confirming placement of the Container aboard a vessel on February 24, 2022 (Exhibit B), over three weeks since SCL's acknowledgement of the instruction to stop the Container in transit.

13. SCL did not transmit its bill of lading to Einfeldt until March 1, 2022.

14. Because SCL failed to stop the Container in transit as requested, Einfeldt was then subject to additional invoicing from SCL. In addition to the amounts quoted by and paid to SCL, SCL demanded further payment of $14,890.00 for release of the Container in Denmark which was ultimately paid by Einfeldt on or about May 5, 2022 to obtain possession of the goods.

15. Upon arrival, it was discovered that several goods had either been stolen or damaged. A claim was made against the first party insurance policy purchased by Einfeldt. However out of a total claim of $23,802.60 only $9,477.14 was paid.

16. In addition, Plaintiffs also had to incur additional costs to re-ship their goods back to the USA.

# FIRST COUNT

## (Breach of Maritime Contract(s) against SCL and Does 1-10)

17.   Plaintiff refers to and incorporates herein Paragraphs 1 through 16 as though fully set forth at length herein.

18.   SCL pursuant to its contract with Plaintiffs, agreed for good and valuable consideration to transport the Plaintiffs' household goods from Santa Clarita, California to Denmark.  Implied in the contract is a requirement of SCL as a carrier to deliver the cargo with reasonable dispatch.

19.   Instead of reasonable dispatch, the shipment was delayed for months without reasonable notice to Plaintiffs.

20.   Plaintiffs also had an absolute right to stop their cargo in transit. Plaintiffs' notified SCL of their desire to stop the Container in transit as of January 31, 2022, but instead SCL allowed the Container to be placed on a vessel in Los Angeles on February 24, 2022 for shipment to Denmark.

21.   In addition, during transit, Plaintiffs goods were damaged and stolen.

22.   Resulting from these breaches of the contract with SCL, Plaintiffs were damaged by having to pay additional charges to SCL for the delayed transport, costs associated with the shipment of their goods to Denmark and the return of their goods to the USA and the shortfall in recovery for the damaged and lost goods. The amounts of which are summarized in Exhibit C hereto.

23.   In addition to the amounts in Exhibit C, Plaintiffs will incur attorney's fees, costs and pre-judgment interest.

## SECOND COUNT

### (Negligence against SCL and Does 1-10)

24. Plaintiffs refer to and incorporates herein by this reference Paragraphs 1 through 16 as though fully set forth at length hereat.

25. Defendants had an obligation to keep Plaintiffs reasonably informed as to the progress of their shipment and to follow the reasonable instructions of Plaintiffs.

26. Defendants failed to notify Plaintiffs when the shipment was unreasonably delayed and also failed to follow Plaintiffs instruction to stop the Container in transit.

27. As a result of Defendants' conduct, Plaintiffs were damaged by having to pay additional charges to SCL for the delayed transport, costs associated with the shipment of their goods to Denmark and the return of their goods to the USA and the shortfall in recovery for the damaged and lost goods. The amounts of which are summarized in Exhibit C hereto.

## PRAYER FOR RELIEF

WHEREFORE, Weso prays for judgment against Defendants as follows:

1. For judgment against all Defendants
    a. In the minimum amount of $56,416.09
    b. For other damages according to proof
    c. For pre and post judgment interest
    d. For attorney's fees and costs
    e. For such other and further relief as this Court deems proper.

August 30, 2023    By:    ____s/*Stephen M. Uthoff*_____
                                              Stephen M. Uthoff
                                              The Uthoff Law Corporation
                                              Plaintiffs Henrik Einfeldt and Zandy Ayvazian